UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**AUSTIN TERRELL HENDERSON**  **CASE NO. 2:23-CV-01805 SEC P**

**VERSUS**  **JUDGE JAMES D. CAIN, JR.**

**BRUCE CAZLELOT, ET AL**  **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Pro se plaintiff Austin Terrell Henderson ("Henderson"), proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on December 18, 2023. Doc. 1. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections and is currently incarcerated at the Beauregard Parish Prison, but his complaint concerns an incident that occurred at the Avoyelles Parish Jail.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reason it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### I.
#### BACKGROUND

According to his complaint, on July 14, 2023, Henderson, a pre-trial detainee at the Avoyelles Parish Jail, was stabbed in the heart by a convicted prisoner. Doc. 1, p. 3. At that time, the Beauregard Sheriff's Office was housing inmates in Avoyelles Parish due to renovations at the Beauregard Parish Prison. Plaintiff argues that the situation could have been avoided had he been

moved back to Beauregard Parish Prison when they finished renovations in March 2023[1]. He further asserts that Beauregard Parish is still shipping detainees to facilities where they are housed with convicted prisoners, putting the detainees in danger.

## II.
## LAW & ANALYSIS

### A. Frivolity Review

Henderson has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege

---

[1] Plaintiff asserts that he knows the renovations were complete in March 2023 based on a Facebook post.

facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Failure to Protect and Classification of Inmates/Transfer*

The Eighth Amendment's prohibition against "cruel and unusual punishment" protects the rights of convicted prisoners; the rights of pre-trial detainees, such as the plaintiff, are protected by the "due process clause" of the Fourteenth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996)(citations omitted). Allegations of "failure to protect" and inadequate medical care are evaluated under a "deliberate indifference" standard, whether alleged under the Fourteenth Amendment by pre-trial detainees or under the Eighth Amendment by convicted prisoners. *See Hare,* 74 F.3d at 640-43.

Thus, a pre-trial detainee's right to be protected from violence is measured by the standard of "subjective deliberate indifference" as enunciated by the Supreme Court in *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under the "subjective deliberate indifference" standard discussed in *Farmer*, a prison official cannot be liable for failing to protect an inmate unless the official "knows of and disregards an excessive risk to inmate health or safety." In order to prevail on such claims, a civil rights plaintiff must allege and ultimately establish that the defendant officials: (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and (2) that they actually drew the inference. *Farmer*, 511 U.S. at 837. Negligent inaction can never support a failure to protect claim. *Farmer*, 511 U.S. at 835; *Hare*, 74 F.3d at 642.

The legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. *See Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). In

3

*Smith v. Wade*, 461 U.S. 30, 39 n. 8 (1983), the Court approved the following definition of "wanton":

> "Wanton means reckless—without regard to the rights of others.... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure." 30 American and English Encyclopedia of Law 2-4 (2d ed. 905) (footnotes omitted).

Plaintiff has not alleged deliberate indifference to his safety. He has not alleged that he had been threatened prior, that he had any information to suggest that anyone at Avoyelles Parish Jail was aware that he would be attacked, or that placing him in the cell with David Paul, the inmate who allegedly attacked him, would put him in danger.

The gravamen of plaintiff's complaint is that the defendants violated his constitutional rights by housing him, a pretrial detainee, with convicted prisoners. However, this is not per se unconstitutional. The classification of inmates is an administrative function of the prison. *See Jones v. Diamond,* 636 F.2d 1364, 1376 (5th Cir. 1981). Courts accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration without a constitutional violation. *Bell v. Wolfish*, 441 U.S. 520; *Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir.1990). "Inmates have a federal right to due process at prison classification ... only if state law contains 'substantive predicates' limiting the prison administrators' discretion to classify, assign, and punish inmates." *Ricker v. Leapley*, 25 F.3d 1406, 1409 (8th Cir.1994); accord *Woods v. Edwards*, 51 F.3d 577, 582 (5th Cir.1995) (citing *Hewitt v. Helms*, 459 U.S. 460, 469-70 (1983)). "Classification of inmates in Louisiana is a duty of the [jailer] and an inmate has no right to a particular classification under state law." *Woods*, 51 F.3d at 581-82 (quotation omitted).

Thus, "[i]nmates have no protectable property or liberty interest in custodial classification. The classification of prisoners is a matter within the discretion of prison officials. Absent an abuse of discretion, federal courts are loathe to interfere with custodial classifications established by prison officials." *Whitley v. Hunt,* 158 F.3d 882, 889 (5th Cir.1998) (citations omitted), abrogated on other grounds by *Booth v. Churner,* 532 U.S. 731, 735 (2001); accord *Jones v. Roach*, 196 Fed. Appx. 287, 2006 WL 2474746, at *1 (5th Cir. 2006); *Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003).

The Fifth Circuit's decision in *Jones v. Diamond* specifically states that limitations on physical facilities might justify housing pretrial detainees with convicted inmates, that pretrial detainees have a right to be considered individually only to the extent that security and space requirements permit, and that imposition of greater security measures is warranted if an inmate has a long record of prior convictions or is likely to be violent. Jones, 636 F.2d at 1374. Plaintiff has not provided allegations indicating that housing him with convicted inmates was unconstitutional.

### III.
### CONCLUSION

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion to appoint counsel (doc. 3) be **DENIED** as **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 11th day of September, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE